**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIO JAVIER SORIA-COLLAZO, Petitioner, v. TREY LUND, et al., Respondents. | No. CV 09-7201-TJH (MAN) ORDER DISMISSING PETITION WITHOUT PREJUDICE |

This action was filed on October 2, 2009. On October 26, 2009, Petitioner filed a First Amended Petition. On October 29, 2009, the Office of the Federal Public Defender was provisionally appointed to represent Petitioner, and counsel for the parties were ordered to meet and confer and to submit a Joint Status Report to the Court.

On December 9, 2009, Respondents filed a Status Report on behalf of the parties. The Status Report advises that: Petitioner was released from immigration custody on November 5, 2009; and counsel for the parties have conferred and agree that this case is now moot and, thus, should be dismissed.

Under Article III, § 2 of the United States Constitution, federal courts are barred from hearing matters, including habeas petitions, in the absence of a live case or

controversy. *See, e.g.*, Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 983 (1998); Deakins v. Monaghan, 484 U.S. 193, 199, 108 S. Ct. 523, 528 (1988). For there to be a live case or controversy, at all times in the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S. Ct. 1249, 1253 (1990); *see also* North Carolina v. Rice, 404 U.S. 244, 246, 92 S. Ct. 402, 404 (1971) (*per curiam*) ("federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them").

"If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." American Rivers v. Nat'l Marine Fisheries Service, 126 F.3d 1118, 1123 (9th Cir. 1997); *see also* Church of Scientology of Cal. v. United States, 506 U.S. 9, 12, 113 S. Ct. 447, 449 (1992) (case becomes moot if events following case filing make it impossible for the court to grant any effectual relief). In the specific context of habeas petitions, the case or controversy requirement warrants a finding of mootness if: (1) the petitioner has received the relief requested in the petition; or (2) the court is unable to provide the petitioner with the relief sought. *See* Munoz v. Rowland, 104 F.3d 1096, 1097-98 (9th Cir. 1997); Picrin-Peron v. Rison, 930 F.2d 773, 775-776 (9th Cir. 1991) (finding appeal of habeas case brought by alien who was indefinitely detained by the INS, but who was released from custody prior to consideration of the appeal, to be moot).

As the Supreme Court observed in Spencer: "[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." 523 U.S. at 18, 118 S. Ct. at 988. That observation is apt here. Petitioner's habeas claims are

premised only on his continued "indefinite detention" and his assertion that such continued detention violates federal law. Petitioner no longer is subject to the action that allegedly caused him harm, and through the Status Report, he has confirmed that his case is moot and should be dismissed on that basis. As Petitioner does not allege any collateral consequences,[1] "[i]t is clear that the direct consequences of the action challenged here can no longer be remedied in habeas." Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir. 1987). No case or controversy exists at this time, and thus, the Petition is moot and must be dismissed.

Accordingly, it is Ordered that the Petition is dismissed without prejudice, and that Judgment be entered dismissing this action without prejudice.

The Clerk shall serve copies of this Order and Judgment on all counsel.

DATED: December 11, 2009.

Terry J. Hatter, Jr.

TERRY J. HATTER, JR.
UNITED STATES DISTRICT JUDGE

Presented By:

Margaret A. Nagle

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

---

[1] An exception to the mootness doctrine exists for petitioners who allege that they would suffer collateral legal consequences if their convictions were allowed to stand. *See, e.g.,* Spencer, 523 U.S. at 8-14, 118 S. Ct. at 983-86. That doctrine is inapplicable here.